**W. N. WHISENHUNT et al., Appellants,**

v.

**Samuel H. WEAVER, Appellee.**

No. 4859.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1969.

H. A. Leaverton, Hamilton, John W. Stayton, Austin, for appellants.

James E. Crouch, Andrew Campbell, Hamilton, for appellee.

## OPINION

WILSON, Justice.

Plaintiffs appeal from a take-nothing judgment in a non-jury trial of this trespass to try title action.

◼ Plaintiffs made out a prima facie case by proving title from the common source and a survey which located on the ground the tract described in their petition, including the east line thereof. Defendant offered no evidence to rebut or negate this prima facie case, and in our opinion judgment for plaintiffs is required.

Defendant's contention is that one of the plaintiffs made a judicial admission during the trial by which all plaintiffs should be held to have effectively disclaimed any interest in land apparently described both in plaintiffs' deed from the common source and in defendant's subsequently recorded deed. Without considering it necessary to decide the doubtful question as to whether the statement relied on as an admission by one of the plaintiffs is binding on the other plaintiffs, it is our opinion that there is no judicial admission from which a take-nothing judgment is authorized.

Plaintiffs claim and their petition describes the eastern half of a 268.5-acre tract described in deed from the common source, their eastern half having been acquired by partition. The description of the eastern boundary of the latter tract is by the identical metes and bounds description of the 268.5-acre tract in the original deed from the common source under which plaintiffs deraign title. The description of the 268.5 acres and plaintiffs' eastern half thereof is unambiguous. The first deed calls for a beginning point in a survey line; and the calls in it and in plaintiffs' deed for course and distance may easily be located on the ground, as was done by the survey proved by plaintiffs.

The field notes describing the eastern boundary of the tract conveyed by plain-

tiffs' deed, however, are identical with the field note description of the western boundary of the tract described in the subsequently recorded deed from the common source to defendant. If the defendant's tract is constructed by proceeding eastward the course and distance prescribed in defendant's deed from the western line of the 268.5 acre tract (as called for in defendant's deed), however, the calls for distance in defendant's deed will extend beyond a survey line called for in the latter deed by approximately 45 varas. By reversing the calls in defendant's deed and proceeding westward from the last mentioned survey line (rather than eastward from the west line of the 268.5 acres as his deed requires), defendant constructs a tract which produces a 45-vara overlap beyond plaintiffs' east line (the line described in both deeds by identical field notes).

Upon this showing the court appointed a surveyor directing him to "survey the line between" the land of plaintiffs and defendant, to "locate the tracts of land described" in their respective deeds, and locate "the common line". The surveyor reported, in effect, that it was impossible to carry out his instructions because the total east-west distance of 1395.3 varas (the sum of those called for in the two deeds) was 44.6 varas in excess of the distance on the ground between established east and west survey lines called for in the deeds. The

court, in effect, adopted the surveyor's report in the filed findings of fact, but it does not appear that the conclusions of law were based thereon. We treat the report as inconclusive, and for purposes of this decision, as having been given no effect in the judgment. It certainly contains nothing which would authorize or support a take-nothing judgment.[1]

With the record in this posture (and before a surveyor was appointed) a statement in the following colloquy is relied on by defendant as a judicial admission constituting a fatal disclaimer: Defendant was testifying on direct examination in answer to questions concerning boundaries, the extent of land he had farmed, and the land he "claimed". Some of his testimony contained inadmissible conclusions. During an objection the court interrupted counsel and said, "I think we can probably clear up a lot of things here if the witness will answer one question: Are you claiming any land that is not covered in the description" in your deed? Defendant answered in the negative. The court then asked plaintiffs' counsel: Are your clients "claiming any land that is not covered in the description" in their deed? Counsel answered, "No", and "I think that his pleadings prove that". The court: "Well I think it does, too. He says he is claiming that and no other. That clears up a bunch of things." The court continued, asking defendant, "Now, Mr.

---

1. It may be noted that a reduction in the distance called for by his deed as the southern boundary of defendant's tract to the extent of approximately the number of excess varas stated in the surveyor's report, would result in reconciliation of the two tracts on the ground without any overlapping. This would make the corrected call for distance of the southern boundary consistent with the distance between east and west survey lines called for in the respective deeds. Plaintiffs' survey shows the length of the southern boundary is so reduced as the tract is held on the ground. There is nothing in the evidence to show, and no contention that such reduction in call for distance will reduce the acreage recited in defendant's deed.

A computation by triangulation, giving full effect to all other calls in both deeds,

(and accepting the measurement on the ground by the court-appointed surveyor of 1350.7 varas as the distance between the two survey lines called for by the deeds) demonstrates that the correct call for distance of defendant's southern boundary should actually have been approximately 46 varas less than that stated in his deed.

The alternative, i. e., extending defendant's southern boundary westward to conform to the call for distance in his deed, also reconciles the asserted conflict or overlap, since defendant's deed calls for the western terminus of his southern boundary only at "a corner"; and only a slight modification in the final bearing call is necessary, as defendant's deed description continues "to the place of beginning".

Weaver, you have told me earlier that you don't claim anything that is not described in your deed. Is that right? A. Yes, sir, it is." The court: "Mr. Whisenhunt, you have told me the same thing. Is that right?" Plaintiff W. R. Whisenhunt: "All I want is what my deed calls for". The court: "I don't know whether there is a shortage of land out there or what else there is, but neither one of you are claiming any land that is described in the other's deed?" Defendant remained silent. W. R. Whisenhunt: *"I'm not wanting what's in his deed"*. The court then appointed the surveyor.

Defendant's argument is that the italicized sentence is an admission which precludes plaintiffs' claim of the land described in plaintiffs' deed if it is also described in defendant's deed.

■■ Among the prerequisite elements which must exist before testimony of a party is conclusive against him are (a) that "the statement is deliberate, clear, and unequivocal; and (b) that it "relates to a fact upon which a judgment for the opposing party may be based". Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415, 419; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, 228, writ ref. See IX Wigmore, Evidence, 3d ed., Sec. 2595, p. 601.

Neither of these prerequisites are present in this case. The witness was a layman, and the rest of his entire testimony demonstrates his position was simply that he claimed only what was his as described in his deed and as pleaded. It cannot be said that he made the quoted statement as one learned in the law, or having been informed of the legal effect of the words he

used. The statement was obviously not deliberate. It was an inadvertent answer to a question by the court in which the party adopted the language in the question of the court. There is certainly no suggestion in the record that the court had any thought of trapping the party by an adroit question, or of ending the law suit by a single sentence in response. It is apparent the court did not attribute to either his question or the italicized answer the implication now urged.

Plaintiff's answer to the court's question is not clear and unequivocal so as to be conclusive against him. If it is construed as referring to the field note description in defendant's deed, the statement is actually consistent with plaintiffs' position in pleadings and the other evidence. This is so because on its face the "land described" in defendant's deed before the description is applied to the ground, and the land described in plaintiffs' deed would give to each party the land described in his own deed without any conflict, discrepancy or overlapping, and without involving claim by plaintiffs to any land described in their opponent's deed.

It is apparent the court's question which evoked the answer relied on was a commendable effort to simplify the case by eliminating the pleaded issue of adverse possession which had been abandoned.[2] The statement of plaintiff is not a judicial admission.

The judgment is reversed and judgment here rendered that plaintiffs have judgment against defendant for title and possession of the 134½ acres of land described in their first amended original petition.

2. Although our decision is not predicated on the fact, it is to be noted that defendant and his counsel maintained silence in response to the courts' question which is in the form of a statement: "Neither one of you are claiming any land that is described in the other's deed". By his si-

lence, it might be said, although we do not hold, defendant acquiesced in the statement by the court, and the acquiescence was as effective as an expressed confirmation to constitute as much of an admission by defendant as that urged to have been made by plaintiffs.